CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

Linnell Shelton

*Plaintiff*

vs.

Corrections Corporation of America

*Defendant*

05-0009348

Civil Action No. _____

**SUMMONS**

To the above named Defendant:

  You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

  You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Linnell Shelton a/k/a Keith Toney, pro se
Name of Plaintiff's Attorney DCDC #279-168

1901 E Street, S.E.
Address
Washington, D.C. 20003

Telephone

Clerk of the Court

By _____
Deputy Clerk

Date 12-30-05

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D
AVENUE, N.W., ROOM JM 170



EXHIBIT
A

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (624-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
**RECEIVED**
Civil Division Clerk's Office

DEC 20 2005

Superior Court of the
District of Columbia

LINNELL SHELTON )
a/k/a Keith Toney )
1901 E Street, S.E. )
Washington, D.C. 20003 )
)
      Plaintiff )
)     05-0009348
v. )
)     Civil Action No.
CORRECTIONS CORPORATION )
OF AMERICA )
A Delaware Corporation )
Serve: )
CT Corporation System )
1025 Vermont Avenue, N.W. )
Washington, D.C. 20005 )
)
      Defendant )

**COMPLAINT**
(Negligence)

COMES NOW the plaintiff, Linnell Shelton, , *pro se*, and sues defendant Corrections Corporation of America (hereinafter "CCA") and for cause of action, states as follows:

**JURISDICTION**

1.     The court has jurisdiction pursuant to Title 11, Section 921 *et seq.* of the District of Columbia Code. (1998 Supp.)

**PARTIES**

2.     The plaintiff, Linnell Shelton, is an adult citizen of the United States and is presently residing at the Correctional Treatment Facility in the District of Columbia. During all times pertinent to this complaint, he was in the custody of the government of the

District of Columbia, and a resident of the Correctional Treatment Facility, operated by defendant CCA.

3. The defendant, Corrections Corporation of America (CCA), is a Delaware Corporation with its principal place of business in Tennessee, doing business in Washington, D.C. It is in charge of operating the Correctional Treatment Facility and its agents, servants, and employees are acting under color of law with respect to their activities in the operation of the Correctional Treatment Facility.

## HISTORY OF THE CORRECTIONAL TREATMENT FACILITY

4. The Correctional Treatment Facility (hereinafter "CTF") is a metropolitan jail located in Washington, D.C.

5. CTF was built, owned, and operated by the District of Columbia from the time of its inception in 1993 until April, 1997.

6. In April, 1997 defendant Corrections Corporation of America brought CTF and agreed to operate it under contract with the District of Columbia. The CCA/CTF Facility is now owned and operated by defendant CCA and operated through its agents, servants and employees.

7. CCA, in its operation of the Correctional Treatment Facility, is responsible for providing care and treatment to inmates incarcerated within the facility.

## FACTS

8. The plaintiff, Linnell Shelton, adopts and incorporates by reference paragraphs 1 through 7 of this complaint as if fully set forth herein.

9. On November 5, 2002 the plaintiff, Linnell Shelton, was incarcerated at the Correctional Treatment Facility operated by the defendant, CCA. He remained under

the care, custody, supervision and medical treatment of defendant CCA between November 5, 2002 and January 3, 2003 when he was released from incarceration.

10. When he entered the Correctional Treatment Facility on November 5, 2002 the plaintiff, Linnell Shelton, had an open and draining wound in his chest from a previous gunshot injury. At the time he entered the said facility, the wound was infection free and was being treated with sterile dressing and a saline solution being changed by the plaintiff himself twice a day while he had been in the community.

11. Almost immediately upon entering the Correctional Treatment Facility operated by CCA, the plaintiff, Linnell Shelton, began experiencing difficulty in obtaining the necessary sterile dressing and saline solution. Also, defendant CCA, through its agents, servants, and employees, acting within the scope of their employment, advised the plaintiff Linnell Shelton that he would no longer be able to change his dressings to keep the wound in proper medical condition. Thereafter, the staff of the Correctional Treatment Facility began providing non-sterile dressing, began changing the dressing in a careless and negligent manner, having its staff fail to use sterile dressing, failing to keep proper hygienic steps by the staff before changing his dressing, failing to proper diagnose that an infection was developing and getting worse, failing to properly treat the infection once it started, failing to provide a proper facility to care for and treat the plaintiff's condition, and otherwise providing improper, inadequate and substandard medical care, treatment, and attention.

12. On or about December 21, 2002 the plaintiff, Linnell Shelton, was transferred to Greater Southeast Community Hospital where there was an attempt made to treat his infection. He was returned to the Correctional Treatment Facility with certain specific

instructions in regard to medications to be administered, the scheduling of the medications, as well as how the dressing was to be changed in order to bring the infection under control.

13. From his return to the Correctional Treatment Facility on or about December 27, 2002 until his release from incarceration on January 2, 2003, the plaintiff Linnell Shelton, did not receive the medications prescribed, did not receive the dosages of the medications prescribed, did not receive timely medication administration, did not receive proper and adequate dressing changes, and otherwise received improper, inadequate, and substandard medical care, treatment and attention.

14. As a direct and proximate result of any and/or of the aforesaid improper, inadequate and substandard medical care and treatment, the plaintiff, Linnell Shelton, suffered a worsening of his infection, physical pain, mental anguish, embarrassment, shame, humiliation, the necessity for further hospitalization, medical expenses, loss of earning capacity, and an inability to enjoy his normal and usual activities. All of his injuries and damages he contends are of a permanent nature.

WHEREFORE, the plaintiff, Linnell Shelton, demands judgment against the Correction Corporation of America in the sum of One Million, Two Hundred Thousand Dollars ($1,200,000.00) together with interest from the date of occurrence, and the costs of this action.

Linnell Shelton, *pro se*
DCDC #279-168
1901 E Street, S.E.
Washington, D.C. 20003

## JURY DEMAND

Plaintiff, Linnell Shelton, demands trial by jury as to each and every issue in this case.

*Linnell Shelton*
Linnell Shelton



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

LINNELL SHELTON
Vs.
CORRECTIONS CORPORATION OF AMERICA

C.A. No.    2005 CA 009648 B

### INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge FREDERICK H. WEISBERG
Date: December 20, 2005
Initial Conference: 9:30 am, Friday, April 07, 2006
Location: Courtroom 318
500 Indiana Avenue N.W.
WASHINGTON, DC 20001


EXHIBIT B