IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINNELL SHELTON<br>a/k/a Keith Toney,<br><br>       Plaintiff,<br><br>v.<br><br>CORRECTIONS CORPORATION OF<br>AMERICA, INC.,<br><br>       Defendant. | Civil Action No. 1:06-cv00353<br>Judge Henry H. Kennedy, Jr. |

**ANSWER OF CORRECTIONS CORPORATION OF AMERICA
TO PLAINTIFF'S COMPLAINT**

Defendant Corrections Corporation of America ("CCA"), through counsel, hereby responds to Plaintiff's Complaint as follows:

**JURISDICTION**

1. Defendant states that the allegations contained in paragraph 1 are jurisdictional allegations to which no response is required. To the extent that a response is required, CCA denies the allegations contained therein.

**PARTIES**

2. In answering paragraph 2 of Plaintiff's Complaint, CCA admits that Plaintiff is an adult presently incarcerated at Correctional Treatment Facility and that at all times relevant hereto, Plaintiff was in the custody of the Government of the District of Columbia. Defendant denies all remaining allegations not admitted herein.

3. In answering paragraph 3 of Plaintiff's Complaint, Defendant denies that it is a Delaware Corporation. Defendant admits the remaining allegations contained in paragraph 3 of

Plaintiff's Complaint.

## HISTORY OF THE CORRECTIONAL TREATMENT FACILITY

4. In answering paragraph 4, Defendant admits that Correctional Treatment Facility is a correctional facility operating in Washington, D.C. Defendant denies the remaining allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Defendant admits the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. In answering paragraph 6 of Plaintiff's Complaint, Defendant admits that it purchased Correctional Treatment Facility and that it is operated under a contract with the District of Columbia. Defendant further admits that it still owns and operates Correctional Treatment Facility. Defendant denies that it manages all aspects of the facility, including medical and food services, which are managed pursuant to contracts between the District of Columbia and other outside entities, and further denies all allegations not admitted herein.

7. In answering paragraph 7 of Plaintiff's Complaint, Defendant admits that it is responsible for certain aspects of the care and treatment of inmates. Defendant denies that it is responsible for health care or food services at Correctional Treatment Facility, and further denies all allegations not admitted herein.

## FACTS

8. In answering paragraph 8, Defendant re-alleges its answers to paragraphs 1 through 7 as if fully set forth fully herein.

9. In answering paragraph 9 of Plaintiff's Complaint, Defendant admits that Plaintiff was incarcerated at Correctional Treatment Facility operated by Defendant CCA. Defendant CCA further admits that it supervised Plaintiff from November 5, 2002 to January 3, 2003.

Defendant denies the remaining allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations contained in paragraphs 10, 11, 12, 13 and 14 of Plaintiff's Complaint.

11. Defendant denies each and every allegation of Plaintiff's Complaint which is not specifically admitted, denied or otherwise pled.

## AFFIRMATIVE DEFENSES

1. As a separate defense or in the alternative, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. As a separate defense or in the alternative, Defendant alleges that the Court lacks jurisdiction over the parties.

3. As a separate defense or in the alternative, Defendant alleges that the Court lacks jurisdiction of the subject matter.

4. As a separate defense or in the alternative, Defendant alleges that it violated no duties owed to Plaintiff.

5. As a separate defense or in the alternative, Defendant states that it neither caused nor contributed to the alleged injuries of Plaintiff.

6. As a separate defense or in the alternative, Defendant states that Plaintiff's losses and damages, if any, were the result of the negligence of someone other than CCA, thereby reducing or eliminating any damage owed by CCA.

7. As a separate defense or in the alternative, Defendant alleges that CCA and its employees acted in good faith and without malice at all times and their actions were objectively reasonable under all the circumstances.

8. As a separate defense or in the alternative, Defendant alleges that Plaintiff has

failed to comply with the requisite statute of limitations pursuant to D.C. Code § 12-101, *et seq.* and § 16-2701, *et seq*.

9.     As a separate defense or in the alternative, Defendant alleges that Plaintiff's claims are neither recognized nor recoverable under D.C. Code § 12-101, *et seq*.

10.    As a separate defense, or in the alternative, Defendant alleges that pursuant to its contract with the District of Columbia, it is not responsible for medical treatment of inmates housed at Correctional Treatment Facility and has assumed no duty with respect to medical treatment of inmates at Correctional Treatment Facility and, therefore, cannot be held liable for such.

11.    To the extent supported by the evidence, Defendant will rely on the following affirmative defenses should subsequent discovery reveal these defenses are appropriate. Specifically, Defendant asserts the following affirmative defenses set forth in Rule 8(c) and Rule 12 of the Federal Rules of Civil Procedure, including but not limited to: assumption of risk, contributory negligence, duress, estoppel, fraud, illegality, release, *res judicata*, waiver, collateral estoppel, claim preclusion and/or issue preclusion, insufficiency of process and insufficiency of service of process.

12.    Defendant reserves the right to amend its Answer to Plaintiff's Complaint, to assert additional defenses or withdraw defenses, and to add counterclaims as may become necessary after reasonable opportunity for discovery has occurred, up through and including the trial in this matter.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant CCA requests that the claims against it be dismissed, that judgment be entered in favor of CCA, that it be awarded its reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and for such other

and further relief as the Court deems just and proper.

Defendant demands a jury trial as to all triable issues.

Respectfully submitted,

    /s/ Megan S. Ben'Ary
Daniel P. Struck (D.C. Bar No. CO0037)
Timothy J. Bojanowski (D.C. Bar No. OH0014)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue
Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7323
Facsimile: (602) 200-7811

Kelvin L. Newsome (D.C. Bar No. 439206)
Rebecca E. Kuehn, (D.C. Bar No. 447481)
Megan S. Ben'Ary (D.C. Bar No. 493415)
LECLAIR RYAN, A PROFESSIONAL CORPORATION
225 Reinekers Lane
Suite 700
Alexandria, Virginia 22314
Telephone: (703) 684-8007
Facsimile: (703) 684-8075

Filed electronically this 7th day of March 2006.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was sent via first-class mail, postage prepaid, this 7th day of March, 2006 to:

Linnell Shelton a/k/a Keith Toney
DCDC #279-168
1901 E Street, S.E.
Washington, D.C. 20003

    /s/ Megan S. Ben'Ary