IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Linnell Shelton,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Corrections Corporation of America,<br><br>　　　　　　Defendant. | Civil Action No. 06-00353 (HHK) |

**DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO PROSECUTE OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Pursuant to L.Cv.R. 56.1, Defendant Corrections Corporation of America, through counsel, hereby submits the following Statement of Uncontroverted Material Facts.

**STATEMENT OF UNCONTROVERTED MATERIAL FACTS**

1.　　Plaintiff filed his Complaint alleging negligence by Defendant CCA in Superior Court for the District of Columbia on December 20, 2005.  The Complaint claims Plaintiff was damaged by improper, inadequate, and substandard medical care between November 5, 2002 and January 3, 2003 for an "open and draining" gunshot wound to his chest. Compl. ¶11.  As a result of those allegations, Plaintiff seeks $1.2 million in compensatory damages for permanent injuries he suffers; to wit, a worsening of his infection, physical pain, mental anguish, embarrassment, shame, humiliation, and the necessity for further hospitalization, medical expenses, loss of earning capacity, and an inability to enjoy his normal and usual activities.  Compl. ¶14.

2. Defendant CCA was served with the Complaint on February 8, 2006 and filed a timely notice of removal, based on diversity pursuant to 28 U.S.C. §§ 1441 and 1446 on February 28, 2006.

3. On May 8, 2006, the Court entered an Order setting the initial scheduling conference for June 5, 2006. Dkt #7.

4. Plaintiff advised the court of his change of address on May 8, 2006 to Rivers Correctional Institution in Winton, NC and requested a stay of proceedings until after his release, so that he could seek counsel to represent him. Dkt. #8-9.

5. On May 10, 2006, the Court entered a revised Order resetting the initial Scheduling Conference for August 10, 2006. Dkt. #10.

6. On May 15, 2006, the Court ordered Defendant CCA to make arrangements for Plaintiff to appear telephonically at the Initial Scheduling Conference. Dkt. #11.

7. On May 19, 2006, Defendant CCA filed its Opposition to Plaintiff's Motion for Stay, arguing that discovery could be conducted while Plaintiff was in North Carolina and that a delay in discovery would only serve to prejudice defendant. Dkt. #13.

8. The Court denied Plaintiff's Motion for Stay on July 31, 2006. Dkt. #14.

9. At the initial scheduling conference on August 10, 2006, the Court adjusted Defendant's suggested deadlines, based on Plaintiff's representation that upon his release from custody on November 29, 2006, he would obtain counsel to represent him. As such, the Court ordered that written discovery requests were to be served by February 15, 2007, that Plaintiff's expert disclosures were to be served by March 11, 2007, and that all discovery was to

be completed by May 15, 2007. Furthermore, the Court ordered that no dispositive motion may be filed after June 12, 2007. Dkt. #16.

10. In accordance with the Court's scheduling Order, Defendant CCA sought leave to take Plaintiff's deposition on October 6, 2006 pursuant to FED. R. CIV. P. 30(a)(2). Dkt. #17. The Court granted leave on October 13, 2006. Dkt. #18.

11. On October 19, 2003, in an effort to schedule Plaintiff's deposition before his release from custody, Defendant learned from the Federal Bureau of Prison's ("BOP") inmate locater website that Plaintiff had been transferred from CI Rivers Correctional Institute to the supervision of the BOP Community Corrections Manager in Washington, D.C. Further telephone inquiry with the office of the Community Corrections Manager informed Defendant that Plaintiff was residing at the Hope Village Halfway House in Washington D.C. and that Plaintiff's case manager was Mr. Wel-Don. Affidavit of Dianne Clark, attached as Exhibit 1 (hereinafter "Clark Aff.") ¶¶ 4-5.

12. On October 23, 2006, Defense counsel's staff spoke with Mr. Wel-Don regarding the scheduling of Plaintiff's deposition. Mr. Wel-Don advised that he had to check with his supervisor to find out the procedure for Defendant to take Plaintiff's deposition. Defendant also sent releases to Plaintiff for his institutional and medical records as maintained by the D.C. Department of Corrections, Greater Southeast Community Hospital and the Bureau of Prisons on October 23, 2006. Clark Aff. ¶¶ 6-8.

13. Between October 23, 2006 and November 1, 2006 several additional telephone messages were left for Mr. Wel-Don, however, the calls were not returned. Clark Aff. ¶ 9.

1784766.1

14. On November 3, 2006, contact was made with Mr. Wel-Don, and he advised that Defendant needed to schedule the deposition with Plaintiff directly. Mr. Wel-Don further advised he would arrange to have Plaintiff available prior to 10 AM on Monday, November 6, 2006 to speak via telephone. Mr. Wel-Don indicated he would check whether or not Plaintiff has signed the requested releases for his records. Clark Aff. ¶ 10.

15. On November 6, 2006, Defense counsel's staff contacted Mr. Wel-Don as instructed, but Plaintiff was not available. Mr. Wel-Don did not offer to make arrangements for a future conversation, but indicated that Plaintiff was aware of Defendant's efforts to contact him regarding his deposition and the releases for his records. Clark Aff. ¶ 11.

16. Upon information and belief, Plaintiff was released from the Hope Village Halfway House on or before November 29, 2003. Clark Aff. ¶ 12.

17. At no time since May 8, 2006 has Plaintiff advised Defendant of his current address. Clark Aff. ¶¶ 13 and 14.

18. At no time since August 10, 2006 has Plaintiff served Defendant with an expert disclosure as required by FED. R. CIV. P. 26(a)(2). Clark Aff. ¶¶ 13 and 15.

19. On May 31, 2007, Defendant learned from a search of the Bureau of Prisons' Inmate Locator that Plaintiff is currently incarcerated at FCI Beckley in Beaver, West Virginia and is not expected to be released until February 29, 2008. Clark Aff. ¶ 16.

20. At all times medical care was provided by The Center for Correctional Health and Policy Studies, Inc. Ex. 2, attached.

Dated: June 12, 2007                            Respectfully submitted,


                                                By:  s/Timothy J. Bojanowski
                                                     Daniel P. Struck, Bar No. 012377
                                                     Timothy J. Bojanowski, Bar No. OH0014
                                                     JONES, SKELTON & HOCHULI, P.L.C.
                                                     2901 North Central Avenue, Suite 800
                                                     Phoenix, Arizona  85012
                                                     Telephone:   (602) 263-1700
                                                     Facsimile:   (602) 263-1784


                                                     Paul J. Maloney, Bar No. 362533
                                                     Mariana D. Bravo, Bar No. 473809
                                                     Colleen E. Durbin, Bar No. 500039
                                                     CARR MALONEY, P.C.
                                                     1615 L. Street, N.W., Suite 500
                                                     Washington, D.C. 20036
                                                     Telephone:   (202) 310-5592
                                                     Facsimile:   (202) 310-5555


                                                     *Attorneys for Defendant Corrections Corporation of America*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___12th___ day of June 2007, I caused a true and correct copy of the foregoing Defendant Corrections Corporation of America's Separate Statement of Uncontroverted Material Facts in Support of Its Motion to Dismiss for Failure to Prosecute or, in the Alternative, for Summary Judgment to be served via pre-paid first class U.S. mail upon Plaintiff *pro se* at his last known address, as filed with the Clerk of the Court at:

> Linnell Shelton, a/k/a Keith Toney
> Registration No. 01230-707
> **CI RIVERS CORRECTIONAL INSTITUTION**
> P. O. Box 630
> Winton, North Carolina 27986

as well as at the following address where Defendants believe Plaintiff may currently reside:

> Linnel Shelton, a/k/a Keith Toney (Reg. No. 01230-707)
> **FCI BECKLEY**
> Federal Correctional Institution
> P.O. Box 350
> Beaver, West Virginia 25813

                                                  s/Dianne Clark