# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Linnell Shelton,<br><br>                 Plaintiff,<br><br>v.<br><br>Corrections Corporation of America,<br><br>                 Defendant. | Civil Action No. 06-00353 (HHK) |

**AFFIDAVIT OF DIANNE CLARK**

I, **DIANNE CLARK,** being first duly sworn upon my oath, depose, and state that:

1. I am of legal age to provide competent testimony, and state the following based upon personal knowledge and submit this Affidavit in support of Defendant Corrections Corporation of America's Motion to Dismiss for Failure to Prosecute or, in the Alternative, for Summary Judgment.

2. I am employed by Jones, Skelton and Hochuli, P.L.C., as the legal assistant to counsel of record for Defendant CCA, Timothy J. Bojanowski.

3. As part of my normal duties, I open and process all of Mr. Bojanowski's incoming mail. Additionally I receive copies of all ECF/CM notices from the court in all cases, which Mr. Bojanowski appears as counsel, including this case.

4. On October 19, 2003, while attempting to schedule Plaintiff's deposition, I learned from the Bureau of Prison's online Inmate Locator that Plaintiff was no longer in custody at CI Rivers Correctional Institution, but rather had been transferred to the supervision of the BOP Community Corrections Manager in Washington, D.C.

1785109.1

5. On October 19, 2006, I contacted the BOP Community Corrections Manager in Washington, D.C. and was advised that Plaintiff was residing at the Hope Village Halfway House in Washington, D.C. I was further advised that Plaintiff's case manager was Mr. Wel-Don and to contact Mr. Wel-Don in order to reach Plaintiff.

6. On October 23, 2006, I spoke with Mr. Wel-Don and explained our desire to schedule Plaintiff's deposition prior to his release from custody, which we confirmed was scheduled to occur on November 29, 2006. Mr. Wel-Don advised me that he needed to check with his supervisor and would get back to me when he learned the procedure to schedule Plaintiff's deposition.

7. On October 23, 2006, I also informed Mr. Wel-Don that we needed Plaintiff's release for certain institutional and medical records for this case, and asked for his assistance in getting those releases to Plaintiff and returning them to our office prior to Plaintiff's deposition. Mr. Wel-Don gave me his facsimile number and indicated that he would forward the releases to Plaintiff.

8. At 3:23 PM, MST, on October 23, 2006, I sent via facsimile to Mr. Wel-Don authorizations for the releases of Plaintiff's D.C. Department of Corrections institutional file and medical records, Plaintiff's Bureau of Prison's institutional file and medical records, and Plaintiff's medical records from Greater Southeast Community Hospital. Also enclosed was a copy of DOJ-361, the Certificate of Identity necessary to obtain Plaintiff's records from the BOP, along with a blank release for any other healthcare providers who Plaintiff may identify who have knowledge of his complaint.

9. I did not receive any response from Mr. Wel-Don between October 23, 2006 and November 1, 2006, regarding the process for taking Plaintiff's deposition. During that week, I left him several messages regarding Plaintiff's deposition, but never received a response.

10. On November 3, 2006, Mr. Wel-Don answered my phone call. He advised me that we needed to schedule the deposition with Plaintiff directly, and that since the Hope Village Halfway House was a private facility, we would need to take Plaintiff's deposition at a different location. Moreover, Mr. Wel-Don informed me that Plaintiff had spoken with an attorney in Rockville, Maryland regarding the suit and may be obtaining his own legal representation. Finally, Mr. Wel-Don informed me that Plaintiff had just left for work, but that if I were to call back before 10:00 AM EST on Monday, November 6, 2006, he would have Plaintiff available to speak with me. During the call, I also inquired into the status of Plaintiff's releases, and advised Mr. Wel-Don that we needed to have the original releases mailed to our attention, rather than returned via facsimile. Mr. Wel-Don indicated that he would check with Plaintiff to determine whether or not the releases had been returned.

11. On November 6, 2006, at the scheduled time, I again telephoned Mr. Wel-Don. I was informed that Plaintiff was not available, despite Mr. Wel-Don's prior commitment. Mr. Wel-Don assured me that Plaintiff was aware of our efforts to schedule his deposition and secure releases for his records, but did not offer to make any future arrangements for me to speak with Plaintiff nor provide any alternative means of contact.

12. On or before November 29, 2006, Plaintiff was discharged from the Hope Village Halfway House. Since then, Defendants were unable to contact Plaintiff either by telephone or mail to serve a Notice of Deposition, formal discovery requests, or to follow-up on

1785109.1

their request for Plaintiff's authorization to release copies of his medical and institutional records to Defense counsel.

       13.    At no time since filing of this case, has any counsel entered his appearance on Plaintiff's behalf.

       14.    At no time since May 8, 2005, has Plaintiff advised Defense counsel of a change in address or telephone number.

       15.    At no time has Plaintiff served Defense counsel with an expert disclosure.

       16.    On May 31, 2007, in preparation of this Affidavit, I first learned from the BOP Inmate Locator that Plaintiff is currently incarcerated at the Federal Correctional Institution Beckley in Beaver, WV.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Dianne Clark

STATE OF ARIZONA   )
                         )
County of Maricopa   )

SUBSCRIBED AND SWORN before me this _12th_ day of June 2007, by Dianne Clark.

_____
Notary Public

My Commission Expires:



1785109.1